PER CURIAM.
h Granted. Oleava K. Knighton died intestate, survived by her spouse, Weldon Knighton, and her grandson, Kevin Knigh-ton, born to her son from a previous marriage.[1] Upon her death, Weldon was granted “a usufruct over decedent’s Share of the community.” La. C.C. art. 890. *618 Kevin, decedent’s sole heir, acquired the naked ownership. La. C.C. arts. 880, 882, & 935. On motion of the succession administrator and Kevin, the District Court ordered Weldon turn over to the administrator $174,416.74, decedent’s share of community funds Weldon removed from four bank accounts after her death. The Third Circuit Court of Appeal reversed. Succession of Oleava K. Knighton, 15-00056 (La.App. 3 Cir. 3/18/15)(unpub).
Unless dispensed with, a usufructuary is obligated “to give security” that he will prudently administer the property subject to the usufruct and faithfully fulfill all the obligations imposed by law. La. C.C. art. 571.[2] When “security is required, |2the court may order it be provided.” Id. The court may also order “the property be delivered to an administrator” if the usu-fructuary fails to give security. La. C.C. art. 575. Because security has not been dispensed with herein, it is within the discretion of the court to order security be provided and the property be delivered to the administrator until such security is given. Accordingly, the judgment of the Court of Appeal is reversed, and this matter is remanded to the District Court to determine the amount of security due in accordance with La. C.C. art. 572 and, if security is not timely given, to order the property be delivered to the administrator pursuant to La. C.C. art. 575 until security is provided.

. In his opposition, Weldon explains: "Mrs. Knighton had a son, Preston Collins, prior to her marriage to Weldon Knighton. .[Preston], who died at the age of 23, ... was never adopted by [Weldon]. Kevin Knighton, born Morris, was purportedly formally acknowledged by Preston Collins.” Kevin is, therefore, Weldon’s stepgrandson. Note, if Kevin was Weldon’s son, security would be dispensed with by operation of law. See La. C.C. art. 573.

. “The usufructuary acquires the ownership of the [consumable] property subject to the usufruct, and, therefore, he is free to dispose of it as he sees fit, subject to certain obligations prescribed by law.” La. C.C. art. 538, Revision Comment (b)(1976). The usufructu-ary's legally prescribed obligations include the making of an inventory and the giving of security. See La. C.C. arts. 570 & 571. Therefore, "[b]efore the usufructuary is put into possession of the property subject to usu-fruct, he must ... make an inventory and give security, unless dispensed with by the grantor of the usufruct, the naked owner, or the law.” 3 A.N. Yiannopoulos, Louisiana Civil Law Treatise- Property § 4.1 (5th ed. 2011), citing La. C.C. arts. 570 & 571.